**United States District Court
District of Massachusetts**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-10076-NMG |
| ELIJAH KENYATTA JAHKUR, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

GORTON, J.

The defendant, Elijah Kenyatta Jahkur ("Jahkur"), was sentenced by this Court on April 10, 2006. While he was apparently housed at a state correctional facility pending his transfer to a federal institution, he was charged with assaulting a correctional officer and arraigned in state court. Jahkur now moves to be transferred from state custody to federal custody.

Jahkur's motion will be treated as a petition for habeas corpus under 28 U.S.C. § 2241 (general habeas statute) rather than § 2254 (challenge to state court judgment) or § 2255 (challenge to sentence imposed by federal court) because that is the habeas statute most relevant to Jahkur's request. See, e.g., White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004) (stating that "the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment").

-1-

The motion is **DENIED** because:

1) to the extent that Jahkur alleges a violation of the Interstate Agreement on Detainers, 18 U.S.C. app. 2, his claim is not justiciable under the federal habeas corpus statute, see Reed v. Farley, 512 U.S. 339 (1994); Fasano v. Hall, 615 F.2d 555 (1st Cir. 1980); and

2) his state custody may not be challenged where he has allegedly committed a crime within state jurisdiction, see, e.g., Derengowski v. U.S. Marshal, 377 F.2d 223, 224 (8th Cir. 1967) ("The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty ... is solely a question of comity between sovereignties which is not subject to attack by the prisoner.").

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: July 14, 2006